# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1401

_____

United States of America,          *
                                   *
      Appellee,              *
                                   *  Appeal from the United States
     v.                     *  District Court for the
                                   *  Eastern District of Missouri.
Edward M. Stulock,                 *
                                   *
      Appellant.             *

_____

Submitted:  September 10, 2002

Filed:  October 25, 2002

_____

Before WOLLMAN, HEANEY, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

After Edward M. Stulock was convicted on one count of knowingly receiving child pornography, the district court[1] sentenced him to a term of imprisonment of 72 months. Stulock appeals his sentence, arguing that the court erred when it assessed enhancements under the sentencing guidelines for use of a computer in connection with the transmission or advertisement of child pornography, for obstruction of justice, and for possession of child pornography depicting violence. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

# I.

In 1999, federal and state law enforcement officers raided a company engaged in distributing child pornography on the internet. Using a list of customer names and email addresses recovered from that company, the agents emailed offers to sell pornographic materials to Stulock and many other individuals included in the list. Stulock responded to the offer with a request for a list of materials containing "mostly girls, age 7-14, hardcore." After receiving a list of videos, Stulock mailed a personal check in payment for a videotape entitled "No Way," described as "Daddy fucks 10 year old daughter." Federal agents made a controlled delivery of the tape and shortly thereafter executed a search warrant. During the search of Stulock's home, the agents found the tape hidden in a bedroom closet and seized a personal computer.

Examination of Stulock's computer revealed evidence of his involvement with child pornography. Numerous images of children younger than 18 engaged in sexual acts were recovered from several locations on the computer. In addition, the web browser history indicated that Stulock had visited several web sites having names associated with child pornography, including www.hairless-lolita.com, www.preteenlinks.com, www.littlepussy.com, www.peachfuz.com, and www.lolitahardcore.com.

The agent who examined the computer explained to the district court that when a computer file is deleted, the contents of the file are not irretrievably lost. The space occupied by the file is flagged as available, and until new data is stored in that location the deleted file can be recovered using an undelete tool. In addition to the contents of the file, information about when the file was created, last modified, and last accessed can be recovered. Thousands of previously deleted files were recovered from the temp directory on Stulock's primary hard disk and from a secondary hard disk designated by the computer as the F drive. The temp directory is where a

program such as an image viewer or a word processor will store a duplicate of a file that is opened for use. Any changes are made to the copy and only applied to the original when the user saves the file. The copy in the temp directory is deleted when the user closes the file. More than 3,000 deleted files were recovered from the temp directory, including numerous examples of child pornography. Stulock's computer was configured to use the temp directory as the location where downloaded files that had been packaged in the ZIP file format would be stored. A ZIP file can contain hundreds of images or other files, thus allowing a user to download many files without having to save each one individually. Thus, the presence of an image in the temp directory indicated that Stulock had either purposely downloaded the image in a ZIP file or had opened an image stored elsewhere on the disk using a viewer that created a temporary copy. Among the 1,007 deleted files recovered from the F drive were three identified as portraying a minor female in bondage. Three images were located in the internet browser cache. The browser cache contains images automatically stored by the computer when a web site is visited so that upon future visits the images need not be downloaded again, thereby improving the response time. Unlike the other files recovered, the images in the browser cache had not been deleted and then recovered.

Stulock was charged with knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and knowingly possessing child pornography in violation of § 2252A(a)(5)(B). After a bench trial, Stulock was convicted of knowingly receiving the child pornography videotape, but he was acquitted on the charge of knowingly possessing child pornography. The possession charge specified only the images found in the browser cache. The district court explained that one cannot be guilty of possession for simply having viewed an image on a web site, thereby causing the image to be automatically stored in the browser's cache, without having purposely saved or downloaded the image.

In sentencing guidelines cases, we review the district court's findings of fact for clear error and its interpretation of the guidelines and their application to the facts de novo. United States v. Hunt, 171 F.3d 1192, 1195-96 (8th Cir. 1999). The district court applied three sentencing enhancements resulting in a combined increase of 8 levels. Stulock appeals the application of each of these enhancements.

First, Stulock argues that the enhancement for use of a computer in connection with the transmission or advertisement of child pornography was improper because his use of a computer was peripheral to his receipt of a video in the mail. U.S.S.G. § 2G2.2(b)(5) provides for a two-level enhancement "[i]f a computer was used for the transmission of the material or a notice or advertisement of the material." Stulock argues that the enhancement does not apply because he used his computer to receive rather than to send a "notice or advertisement." We find the analysis in United States v. Richardson persuasive. 238 F.3d 837 (7th Cir.), cert. denied, 532 U.S. 1057 (2001). The Richardson court noted that the guidelines provide increased punishment for use of the internet in the child pornography trade because the increased efficiency and anonymity make both senders and receivers of this material more dangerous. Id. at 842. Section 2G2.2(b)(5) is not limited to computer use by the defendant, as is the section governing possession of child pornography, § 2G2.4(b)(3). Id. at 841. Like the Richardson court, we conclude that § 2G2.2(b)(5) applies to a defendant who receives child pornography that he received a notice or advertisement of through his use of a computer as well as to a defendant who uses a computer to advertise child pornography.

An undercover officer used a computer to transmit an advertisement of the material to Stulock. Stulock received this advertisement via computer. All details of the transaction were negotiated through email. Only the final payment and delivery were, of necessity, accomplished through the postal service. Accordingly,

we find no error in the district court's findings of fact or its application of § 2G2.2(b)(5).

Second, Stulock argues that the district court erred in applying a two-level enhancement for obstruction of justice. An obstruction of justice enhancement for perjury is a finding of fact that we review for clear error. Hunt, 171 F.3d at 1196. A defendant who willfully gives false testimony under oath regarding a material matter has committed perjury and is subject to a § 3C1.1 enhancement. United States v. Titlbach, 300 F.3d 919, 923-24 (8th Cir. 2002). After a review of the evidence, the district court must make an "independent finding, by a preponderance of the evidence, of perjury." United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996). The district court found that Stulock perjured himself when he testified under oath that although he had ordered child pornography, specifically asking for girls aged 7 to 14, he did not believe that he would receive child pornography. Stulock testified that in his experience searching the internet for pornography, his use of terms describing minor females often returned the material he sought, material involving younger adult women and somewhat older men. Characterizing Stulock's answers as "clearly phony," the district court stated specifically: "I believe the defendant was committing perjury." Given the weight of evidence against Stulock and the district court's superior position from which to judge credibility, we hold that the district court did not clearly err in finding that Stulock had committed perjury.

Finally, the district court applied a four-level relevant conduct enhancement pursuant to U.S.S.G. §§ 1B1.3 and 2G2.2(b)(3) based upon Stulock's possession of child pornography images depicting violence. Among the thousands of images of child pornography recovered from Stulock's computer, three of the files recovered portrayed a minor female in bondage held against a nude male who was holding a whip. Stulock does not dispute that these images are violent within the scope of § 2G2.2(b)(3). He contends that his possession of these images was not in the same course of conduct as his receipt of the video, the offense of which he was convicted.

The Seventh Circuit considered and rejected a similar challenge in <u>United States v. Ellison</u>, 113 F.3d 77 (7th Cir. 1997), in which the defendant's sentence for receipt of a video containing child pornography was enhanced due to his contemporaneous possession of magazines containing violent child pornography. "Specific offense characteristics" as used in § 2G2.2(b) include "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a); <u>Ellison</u>, 113 F.3d at 83.

The agent who examined Stulock's computer testified that the files he recovered had modification dates between August 2000 and November 2000. Stulock received the initial email from the undercover agent in July 2000 and placed his order for the videotape on November 22, 2000. Stulock presented evidence regarding aggressive internet porn sites that use pop-ups and other techniques to place material on a computer without the user's knowledge or consent. Although this could account for some of the material, viewing the evidence as a whole, we cannot say it was clear error to find that Stulock's possession of images containing violent child pornography was an act committed during his search for and receipt of the child pornography video that was the basis of the charged offense.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.