PAUL KELLY, JR., Circuit Judge,
concurring in part and dissenting in part.
While I concur in the court’s opinion regarding the sufficiency of the indictment and the Booker analysis, I do not agree with the holding that Mr. Bass was in knowing possession of child pornography beyond a reasonable doubt. The court focuses on the wrong facts and as a result ignores the real issue. The issu,e is not whether Mr. Bass might have suspected child pornography was somehow embedded in his computer, but whether he knowingly possessed child pornography. The court’s decision effectively rewrites the statute to criminalize viewing child pornography via computer.
As the court notes, we review sufficiency of the evidence de novo, “viewing the evidence in the light most favorable to the government and asking whether a reasonable jury could find the defendant guilty beyond a reasonable doubt.” United States v. Campos, 221 F.3d 1143, 1151 (10th Cir.2000). “An act is done ‘knowingly’ if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.” United States v. Fabiano, 169 F.3d 1299, 1303 (10th Cir.1999). Possession connotes the ability to exercise control over something. Tucker, 305 F.3d at 1204; Simpson, 94 F.3d at 1380. Thus, knowing possession of child pornography has been found where images were intentionally downloaded to a hard drive or disk, United States v. Lacy, 119 F.3d 742, 749 (9th Cir.1997), where they were attached to email messages, United States v. Kimler, 335 F.3d 1132, 1140 (10th Cir.2003), and where the defendant knew images were being automatically saved to his computer and he later re-accessed them. Tucker, 305 F.3d at 1205.
Mr. Bass intentionally sought out and viewed child pornography on the internet; however, none of the established indicators of knowing possession are present. Evidence that he intentionally downloaded child pornography or saved any of the images to disk is non-existent. See Tr. 59-GO. He did not attach any child pornography to email. Tr. 132, 142. The evidence also fails to prove that Mr. Bass knew his computer automatically saved the images he viewed on the internet,[1] see Tr.117-18, or that he re-accessed such images after they had been automatically saved. Tr. 132.
Mr. Bass did use the software Window Washer[2] and History Kill, and based on this fact, the court concludes the evidence was sufficient to prove Mr. Bass knew the images he viewed were being stored in his computer and that he was exercising control over them. However, given the record here, this conclusion is pure speculation and allows the factfinder to draw impermissible inferences. United States v. Nichols, 374 F.3d 959, 968 (10th Cir.2004) (“[W]e may not uphold a conviction obtained by piling inference upon inference, unless each link in the chain of inferences [is] sufficiently strong to avoid a lapse into speculation.”) (internal quotations and citations omitted).
In Tucker, we held that because the defendant “knew his browser [automatically saved] the image files, each time he intentionally sought out and viewed child pornography with his Web browser he *1207 knowingly acquired and possessed the images.” 305 F.3d at 1205. Mr. Tucker intentionally viewed child pornography on the internet and admitted he knew his computer was automatically saving the images he viewed. 305 F.3d at 1204. He also “routinely accessed the [saved] images on his hard drive and deleted them after an Internet session.” Id. at 1198. To do this he would access a file and manually drag it to the computer’s recycle bin. Id. He did not intentionally download any of the images. Id. at 1199.
Here, no evidence exists that Mr. Bass knew his computer was automatically saving the images he viewed. Whereas Mr. Tucker admitted this knowledge, Mr. Bass only stated that a computer virus had caused his mother to accidentally view a pornographic image and that he used the software “in an attempt to clear his computer’s registry,” Tr. 54, and protect his mother from seeing such images again. Id. at 48, 59. The automatic saving of internet images is caused by a browser default application and not a virus; however, the government never refuted Mr. Bass’s contention regarding the virus. Further, the forensic analyst testified that the computer’s registry contains no pictures and that clearing it would not delete automatically saved files. Tr. 137-38. Without something more, the evidence fails to prove beyond a reasonable doubt that Mr. Bass used the software to delete automatically saved files he knew about or to protect against a computer virus or for some other, purpose. Likewise, regarding the recovered' message discussing how to delete files from a computer, the government failed to provide any evidence that Mr. Bass read it or even knew it existed. Tr. 92. At best, the “Tropica” email address used to access child pornography and Candyman e-group membérship show Mr. Bass viewed such material, which he has admitted.
Additionally, the evidence fails to establish that Mr. Bass exercised the same level of control over the images in his computer as Mr. Tucker. Even if Mr. Tucker had not admitted he knew his computer automatically saved internet images, that he manually located, selected, and moved the images demonstrated his knowledge of and ability to control them. Tucker, 305 F.3d at 1203-05. Here, the record is devoid of any evidence showing Mr. Bass re-accessed any of the images in his computer, or that he knew how to do so. The most that can be said is that he exercised general control over all the files in his computer by relying on software to clean up the hard drive. This cannot be equated with manually retrieving files and deleting them.
Although reprehensible, viewing child pornography is not a crime. See 18 U.S.C. § 2252A; see also United States v. Stulock, 308 F.3d 922, 925 (8th Cir.2002). Thus, to support a conviction under 18 U.S.C. § 2252A(a)(5)(B) something more than viewing must be proven, and the something more is “knowingly holding the] power and ability to exercise dominion and control.” Simpson, 94 F.3d at 1380 (citation omitted); see also United States v. Mains, 33 F.3d 1222, 1229 (10th Cir.1994) (“ ‘Knowingly possessed’ logically means possessed and knew that he possessed.”) (citations and internal quotations omitted). Simply because automatically saved files are capable of being accessed and utilized like any other file, if one has the requisite expertise, does not prove that one knows he has such control. Knowing possession of pornography cannot be established merely by demonstrating that Mr. Bass was ignorant, negligent, careless, or foolish not to have known that downloading files is easy, and material is saved in temporary internet files, as the forensic expert testified. Tr. 99, 119, The government had the burden to prove beyond a reasonable doubt that Mr. Bass had sub *1208 jective knowledge coupled with dominion and control. Merely because an expert rnight^ have known will not substitute for adequate proof.
In a similar context, the Supreme Court instructed that Congress did not intend to criminalize actions performed out of negligence, even when the act itself was done knowingly. United States v. X-Citement Video, Inc., 513 U.S. 64, 68-69, 116 S.Ct. 464, 130 L.Ed.2d 372 (1994). In X-Citement Video, Inc., the statute at issue prohibited knowingly transporting, shipping, receiving, distributing, or reproducing child pornography. 18 U.S.C. § 2252. The Court held that to prevent those who knowingly transported such materials but who were unaware of their illegal contents from being convicted, the statute must be construed to require (1) the act of transporting, etc., to be knowing and (2) that the actor have knowledge of the material’s contents. This reasoning applies here. Whereas Mr. Bass clearly knew the images were child pornography, the evidence fails to prove that he was aware of the circumstances causing him to be in possession of those images. Knowledge is inextricably bound up with the ability to exercise control, especially in the realm of computers and technology. Thus, the court’s leap from viewing child pornography to knowingly possessing it based solely on a computer default operation, without any proof the defendant knew about such operation, establishes a precedent that mere negligence suffices for criminal liability, and casts the net of criminality far wider than Congress provided. I respectfully dissent.

. The computer’s internet browser automatically saves images viewed on the internet to the hard drive so that frequently visited sites will load faster. Tr. 98-99, 106-10,

. The record reflects this program was not installed by Mr. Bass but by his friend, Kyle Osborn, at the time the computer was given to Ms. Partovi. Tr. 183.