# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4097

_____

United States of America,

        Plaintiff - Appellee,

    v.

Christian Garnica,

        Defendant - Appellant.

Appeal from the United States
District Court for the District
of Nebraska.

[PUBLISHED]

_____

Submitted: February 15, 2007
Filed: February 23, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Christian Garnica was charged with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). A jury convicted Garnica, but found that the quantity of methamphetamine was only between fifty and 500 grams. The district court[1] then sentenced him to ninety-two months in prison. Garnica appeals his conviction and his sentence, arguing that (1) the evidence, which was based primarily

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

on the testimony of cooperating witnesses, was insufficient to support his conviction; and (2) his sentence was unreasonable. We affirm.

When reviewing the sufficiency of the evidence, we view the evidence "in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Mangine, 302 F.3d 819, 822 (8th Cir. 2002) (internal marks omitted). "We will only reverse if no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt." United States v. Velazquez, 410 F.3d 1011, 1015 (8th Cir. 2005).

Garnica argues that the evidence the government presented at trial was insufficient to enable the jury to find beyond a reasonable doubt that a conspiracy to distribute methamphetamine existed or that he had joined such a conspiracy. Garnica bases his argument on the alleged unreliability of the government's witnesses, all but one of whom had entered into agreements with the government prior to testifying. According to Garnica, the "horrendous criminal records and histories of drug abuse" of the government's witnesses make it impossible for any reasonable jury to find Garnica guilty beyond a reasonable doubt.

The government's case against Garnica included the testimony of seven cooperating witnesses and two law enforcement officers. All of the cooperating witnesses testified that they had purchased methamphetamine or what Garnica said was methamphetamine from Garnica. An eighth witness testified that she had seen Garnica involved in the exchange of money. The testimony of all seven cooperators was subject to cross-examination by Garnica's counsel. The jury heard information regarding the witnesses' criminal histories, drug use, and cooperation with the government during cross and direct examination and through the testimony of Special Agent Frank Feden of the Drug Enforcement Agency. Additionally, the jury heard

about the effects of methamphetamine use through the testimony of a retired Omaha Police Officer, Sergeant Mark Langan.

"Attacks on the sufficiency of the evidence that call upon this court to scrutinize the credibility of witnesses are generally not an appropriate ground for reversal." United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005). "[T]he credibility of witnesses is a matter for the jury." Mangine, 302 F.3d at 823. In this case, the jury heard testimony from seven different people about Garnica's involvement with methamphetamine. The jury "evidently found at least some of those witnesses credible." Id. The evidence presented at trial is sufficient to support Garnica's conviction.

Garnica also contends that his sentence of ninety-two months in prison is unreasonable. Specifically, Garnica argues that his sentence, which fell at the bottom of the undisputed advisory Guidelines range of ninety-two to 115 months' imprisonment, "failed to meet the sentencing standards of § 3553(a)." Since Booker, sentencing courts are "obliged to take account of [the advisory Guidelines sentencing] range along with the sentencing goals Congress enumerated in the [Sentencing Reform Act] at 18 U.S.C. § 3553(a)." Cunningham v. California, 127 S. Ct. 856, 867 (2007) (internal marks omitted). Accordingly, a sentencing court now goes through a three-step process in determining a defendant's sentence. First, the court "determine[s] the appropriate guidelines sentencing range." United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). Second, the court "decide[s] if a traditional departure is appropriate." Id. at 1003. Third, the court "consider[s] all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." Id.

In cases where there is no dispute concerning the district court's calculation of the advisory Guidelines range, we must only determine whether the sentence imposed by the district court is reasonable. United States v. Beal, 463 F.3d 834, 836 (8th Cir.

2006). "A sentence falling within the applicable guideline range is presumptively reasonable." United States v. Lewis, 436 F.3d 939, 946 (8th Cir. 2006). As stated above, Garnica's sentence was within the Guidelines range. At Garnica's sentencing hearing, the court specifically stated that it was "considering the factors listed in [§ 3553(a)]," and then read through the factors, taking each into account. The court then imposed a sentence of ninety-two months' imprisonment, which is at the bottom of the Guidelines range. After reviewing the record, we conclude that Garnica's sentence was reasonable. Indeed, even if Garnica's within-Guidelines sentence was not presumed to be reasonable under our precedents, we would still find that the district court acted reasonably in imposing a sentence of ninety-two months in prison.

For the foregoing reasons, we affirm the judgment of the district court.

_____