# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————————

No. 06-3325

————————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John L. Heavner, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————————

Submitted: February 12, 2007
Filed: April 26, 2007

————————————

Before LOKEN, Chief Judge, O'CONNOR,* Associate Justice (Ret.) and GRUENDER, Circuit Judge.

————————————

PER CURIAM.

John Heavner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced Heavner to 151 months' imprisonment. Heavner appeals his sentence. We affirm.

_____

*The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

On October 17, 2005, Heavner robbed a Bank of America branch in Raytown, Missouri. He was unmasked and unarmed, but he threatened to produce a gun if the tellers did not give him money. He left the bank after a teller gave him $797. Police arrested him on the same day. Heavner was indicted for one count of bank robbery and pled guilty. The presentence investigation report classified Heavner as a career offender pursuant to United States Sentencing Guideline § 4B1.1 based on his three prior convictions for crimes of violence.

At sentencing, the district court followed the three-step procedure outlined in *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). It first determined the appropriate guidelines range, it then decided whether a traditional departure was appropriate, and it finally considered the other 18 U.S.C. § 3553(a) factors. *See id.* First, the district court calculated an undisputed advisory sentencing guidelines range of 151 to 188 months based on a total offense level of 29 and a criminal history category of VI. The district court then considered Heavner's argument that it should grant a downward departure pursuant to U.S.S.G. § 4A1.3 because his criminal history category of VI over-represented the seriousness of his criminal history. The district court declined to depart from the guidelines range because it found that a criminal history category of VI accurately represented the seriousness of Heavner's criminal history. Finally, the district court considered the other § 3553(a) factors.

In its consideration of the other § 3553(a) factors, the district court noted that in this circuit a sentence within the advisory guidelines range is presumptively reasonable and that a sentence must be "sufficient, but not greater than necessary, to comply with the purposes set forth in [the statute]." 18 U.S.C. § 3553(a). The district court then considered the nature and circumstances of Heavner's robbery; the history and characteristics of Heavner; and the need for the sentence to reflect the seriousness of Heavner's crime, promote respect for the law, provide a just punishment, protect the public from further crimes, provide Heavner with the necessary educational and medical care, and avoid unwarranted sentence disparities among similar defendants

involved in similar crimes. After this thorough consideration of the § 3553(a) factors, the district court stated that "a sentence within the guideline range is an appropriate sentence" and sentenced Heavner to 151 months' imprisonment, the low end of the advisory guidelines range.

Although he did not object at sentencing, Heavner's sole argument on appeal is that the district court erred by applying a presumption of reasonableness to a sentence within the properly calculated advisory guidelines range. He argues that the guidelines are but one of a number of § 3553(a) factors and that a presumption of reasonableness for a sentence within the guidelines sentence creates a disproportionate emphasis on one of the § 3553(a) factors. Heavner recognizes that the law in this circuit is that a sentence within the guidelines range is presumptively reasonable, *United States v. Garnica*, 477 F.3d 628, 631 (8th Cir. 2007) (per curiam), but he notes that the United States Supreme Court granted certioriari on this question in *United States v. Rita*, 177 Fed. Appx. 357 (4th Cir.) (unpub. per curiam), *cert. granted*, --- U.S. ---, 127 S. Ct. 551 (2006), and *United States v. Claiborne*, 439 F.3d 479 (8th Cir.), *cert. granted*, --- U.S. ---, 127 S. Ct. 551 (2006). Heavner's argument is unavailing because a panel of this court is bound by the prior panels' decisions unless (and until) the court en banc, or the Supreme Court, reaches a different result. *See Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 838 (8th Cir. 1997). Therefore, we reject Heavner's argument and affirm his sentence.

———————————————