# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-4017

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Aaron Reed Hinton, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 17, 2007
Filed: June 7, 2007

_____

Before BYE, BEAM and SMITH, Circuit Judges.

_____

PER CURIAM.

Aaron Reed Hinton appeals the sentence imposed by the district court.[1] Hinton argues the district court erred in applying an enhancement under U.S. Sentencing Guideline (U.S.S.G.) § 2G2.2(b)(5) (2001) and presuming a Guidelines sentence to be reasonable. We affirm.

Hinton responded by e-mail to an advertisement placed by U.S. Postal Service investigators in Internet newsgroups known to be frequented by individuals interested

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

in child pornography. Hinton's emails indicated a desire to order and receive videos depicting child pornography; the agent emailed Hinton a list of available videos with information about each video and pricing information. The agent then received a letter from Hinton ordering six videos and including payment. Following a controlled delivery, Hinton was indicted and later pleaded guilty to receipt of child pornography through the mails pursuant to 18 U.S.C. § 2252(a)(2).

In its presentence report, the U.S. Probation Office calculated a base offense level, and recommended a two-level enhancement because the offense involved minors under the age of twelve. It also recommended a three-level reduction for acceptance of responsibility. The report, as did the plea agreement, recognized that the parties reserved the right to argue at the time of sentencing whether the two-level enhancement under U.S.S.G. § 2G2.2(b)(5) (2001) for use of a computer applied.

At sentencing, the district court, relying on United States v. Stulock, 308 F.3d 922 (8th Cir. 2002), found the "plain language" of the two-level use-of-a-computer enhancement required the enhancement's application. The district court sentenced Hinton to thirty months, the low end of the guidelines range. Hinton appeals this ruling.

Hinton argues the application of the use-of-a-computer enhancement is error because he received the materials through the mail, not via his computer, and the enhancement covers the "transmission" of prohibited material by computer, not its receipt. But the Stulock court held § 2G2.2(b)(5) applies to a defendant who receives child pornography that he received a notice or advertisement of through use of a computer. 308 F.3d at 925. Because Stulock involves facts legally indistinguishable from those in this case and is directly on point, we are required to affirm the application of the contested sentencing enhancement.

Separately, Hinton argues the district court erred by applying a presumption of reasonableness to a sentence within the properly calculated advisory guidelines range. He argues the guidelines are but one of a number of 18 U.S.C. § 3553(a) factors and a presumption of reasonableness for a sentence within the guidelines sentence creates a disproportionate emphasis on one of the § 3553(a) factors. Hinton recognizes that the law in this circuit is that a sentence within the guidelines range is presumptively reasonable, United States v. Garnica, 477 F.3d 628, 631 (8th Cir. 2007) (per curiam), but he notes the United States Supreme Court granted certiorari on this question in United States v. Rita, 177 F. App'x. 357 (4th Cir.) (unpublished per curiam), cert. granted, ___ U.S. ____, 127 S.Ct. 551 (2006).

Hinton's argument is unavailing because a panel of this court is bound by the prior panels' decisions unless (and until) the court en banc, or the Supreme Court, reaches a different result. See Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 838 (8th Cir. 1997).

Having carefully reviewed the record, we find no error in the trial court's disposition of this matter. Therefore, the judgment is affirmed.

_____