# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 06-3325

_____

United States of America,      *
            *
    Appellee,     *
            *   Appeal from the United States
 v.          *   District Court for the
            *   Western District of Missouri.
John L. Heavner,      *
            *   [UNPUBLISHED]
    Appellant.    *

_____

Submitted: December 10, 2007
Filed: December 14, 2007

_____

Before LOKEN, Chief Judge, O'CONNOR,[*] Associate Justice (Ret.) and GRUENDER, Circuit Judge.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of *Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456 (June 21, 2007). In *Rita*, the Supreme Court held that the "presumption [of reasonableness] applies only on appellate review." *Rita*, 127 S. Ct. at 2465. "[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should

_____

[*]The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

apply." *Id.* After reconsidering Heavner's sentence as directed by the Supreme Court, we affirm.

Heavner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced Heavner to 151 months' imprisonment, a sentence within his advisory sentencing guidelines range of 151 to 188 months. Heavner appealed his sentence, and this court affirmed the district court's sentence. Further discussion of the underlying facts may be found at *United States v. Heavner*, 227 Fed. Appx. 524 (8th Cir.), *vacated*, --- U.S. ---, 76 U.S.L.W. 3223 (U.S. Oct. 29, 2007) (No. 07-5473).

At sentencing, the district court followed the three-step procedure outlined in *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). It first determined the appropriate guidelines range, it then decided whether a traditional departure was appropriate, and it finally considered the other 18 U.S.C. § 3553(a) factors. *See id.* While the district court also noted that a sentence within the advisory guidelines range was presumptively reasonable, Heavner did not object or argue at sentencing that the district court's use of this presumption was incorrect. Therefore, we now review his sentence for plain error. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Under plain error review, the defendant has the burden of proof. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 734-35 (1993)). He must prove that there was "(1) error, (2) that [was] plain, and (3) that affect[ed] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

U.S. 461, 466-67 (1997)). The district court committed error by stating that a sentence within the advisory guidelines range was presumptively reasonable. The error is plain at this time. *See id.* However, this error did not affect substantial rights and was not prejudicial to Heavner because the record does not reveal any "reasonable probability that he would have received a more favorable sentence" without the presumption. *Id.* at 551. The district court followed the correct procedure and considered the nature and circumstances of Heavner's bank robbery offense; the history and characteristics of Heavner; and the need for the sentence to reflect the seriousness of Heavner's crime, promote respect for the law, provide a just punishment, protect the public from further crimes, provide Heavner with the necessary educational and medical care, and avoid unwarranted sentence disparities among similar defendants involved in similar crimes. After this proper consideration of the § 3553(a) factors, the district court announced that "a sentence within the guideline range is an appropriate sentence."

While the district court also noted that it regretted the impact its sentence would have on Heavner before concluding that his sentence was "required under the law," this general statement does not satisfy Heavner's burden to prove that the district court would have imposed a shorter sentence had it not made the erroneous presumption. *See Pirani*, 406 F.3d at 553 ("[W]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.") (quotation omitted). Because the district court stated that it believed Heavner's sentence was "required under the law" immediately after its thorough analysis of the § 3553(a) factors, we conclude that the district court's statement referred to its analysis of the § 3553(a) factors. At a minimum, we merely would be speculating if we held that the district court's statement instead referred to its earlier invocation of the erroneous presumption.

-3-

Therefore, we are convinced that Heavner cannot carry his burden of showing that he would have received a lesser sentence in the absence of the district court's erroneous presumption.  Accordingly, we affirm Heavner's sentence.

———————————————