[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 31, 2008
THOMAS K. KAHN
CLERK

No. 07-15425
Non-Argument Calendar

_____

D. C. Docket No. 05-00256-CR-C-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY JAMES SHIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 31, 2008)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Gregory James Shiver appeals from his conviction and sentence for

knowingly possessing images of child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2004).[1] On appeal, Shiver argues that the district court erred in denying his motion for judgment of acquittal because: (1) there was insufficient evidence that the images of child pornography found on his computer had traveled in interstate commerce; and (2) there was insufficient evidence that he "knowingly possessed" the illicit images. Shiver also contends that the district court erred in enhancing his sentence pursuant to 18 U.S.C. § 2252A(b)(2) based on his conviction for another offense that occurred after he committed the offense at issue in this case. After thorough review, we affirm Shiver's conviction but remand for resentencing.

We review de novo the denial of a defendant's motion for judgment of acquittal. United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). We view "the evidence in the light most favorable to the government, with all

---

[1] At the time of Shiver's offense, § 2252A(a)(5)(B) made it a crime for anyone to

> knowingly possess[] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer[.]

28 U.S.C. § 2252A(a)(5)(B). As explained below, see infra note 4, Congress significantly amended the statute in October 2008.

2

reasonable inferences and credibility choices made in the government's favor," United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990), and ask whether "a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt," United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Henry, 920 F.2d 875, 877 (11th Cir. 1991) (quotation omitted).

First, we reject Shiver's claim that the evidence was insufficient to support the jury's conclusion that the child pornography found on his computer had been "transported in interstate or foreign commerce." 18 U.S.C. § 2252A(a)(5)(B). The government's computer expert testified that the file names and resolution of certain of the images indicated that they had arrived on Shiver's computer via the Internet.[2] Since it is well-settled that "[t]he internet is an instrumentality of interstate commerce," United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004), this fact alone satisfies § 2252A(a)(5)(B)'s jurisdictional requirement.

_____

[2] The exact number of illegal images is not entirely clear from the record. At trial, the government presented evidence of 297 "suspected images" of child pornography. At Shiver's sentencing, however, the parties stipulated that between 150 and 299 of the images constituted child pornography.

Moreover, a receipt indicating the cancellation of a subscription to an Internet web site called "Pure Teen Porn" was found in Shiver's home. Regardless of whether the images on the site constituted child pornography, the receipt shows Shiver's familiarity with making commercial transactions for pornographic images on the Internet. The government also presented evidence specifically showing that the image of one child in particular had been produced in North Carolina. That the latter image ended up on Shiver's computer in Florida strongly suggests that it traveled in interstate commerce.

We likewise reject Shiver's contention that the government's evidence was insufficient to support the jury's conclusion that he "knowingly possessed" the images of child pornography on his computer. Although we have interpreted the meaning of "knowing possession" in other contexts, see, e.g., United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005) (holding that "[k]nowing possession can be demonstrated by proof of either actual or constructive possession") (quotation omitted), we have not yet had occasion to address what constitutes the "knowing possession" of computer images for purposes of § 2252A(a)(5)(B).[3] We

---

[3] Several of our sister circuits have addressed the meaning of "knowing possession" under § 2252A(a)(5)(B), but their interpretations have not been univocal. Compare United States v. Romm, 455 F.3d 990, 998 (9th Cir. 2006) (defendant knowingly possessed images because he "exercised dominion and control over the images in his cache by enlarging them on his screen, and saving them there for five minutes before deleting them"), with United States v. Stulock, 308 F.3d 922, 925 (8th Cir. 2002) (noting district court's holding that "one cannot be guilty of possession for simply having viewed an image on a web site, thereby causing the image

4

need not formulate a definitive interpretation of the requirement here, however, because we conclude that, even on Shiver's own view, there was ample evidence that he knowingly possessed the images on his computer.[4]

Shiver contends that merely viewing images of child pornography on a computer is not enough to show knowing possession of those images. Rather, he claims, the government must prove that he purposely downloaded, stored, or in some way exercised dominion and control over the images. Shiver argues that the

to be automatically stored in the browser's cache, without having purposely saved or downloaded the image"); see also United States v. Miller, 527 F.3d 54, 67 (3d Cir. 2008) (identifying four factors used by courts in determining whether a defendant's possession of images was knowing under § 2252A(a)(5)(B): "(1) whether images were found on the defendant's computer; (2) the number of images of child pornography that were found; (3) whether the content of the images was evident from their file names; and (4) defendant's knowledge of and ability to access the storage area for the images") (internal quotations and citations omitted); Ty E. Howard, Don't Cache out Your Case: Prosecuting Child Pornography Possession Laws Based on Images Located in Temporary Internet Files, 19 Berkeley Tech. L.J. 1227 (2004) (reviewing varying court decisions regarding whether images stored in a computer's temporary Internet files is punishable under § 2252A(a)(5)(B)).

[4] In this connection, we also note that in October 2008, Congress amended § 2252A(a)(5)(B) by inserting "or knowingly accesses with intent to view," after "possesses." Enhancing the Effective Prosecution of Child Pornography Act of 2007, Pub. L. 110-358, Title II § 203(b), 122 Stat. 4001, 4003 (2008). As currently worded, therefore, the statute applies to anyone who

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce . . . .

18 U.S.C. § 2252A(a)(5)(B). This amendment has essentially settled the question in this case of whether a defendant must exercise control or dominion over an image for purposes of § 2252A(a)(5)(B). Under the statute's present language, control appears unnecessary, so long as an individual knowingly accesses the illicit images.

government failed to show that he was aware of the images or that he exercised any control over them. Instead, he maintains that they were placed on his computer without his knowledge by a virus or by "pop-up" windows that appeared on his computer screen unbidden. We are not persuaded.

To begin with, Shiver himself provided direct evidence that he knowingly possessed child pornography when he was interviewed by the police. Upon being asked by investigators, "Do you have any child pornography?" Shiver responded, "I had a small amount but I think I pretty much well have gotten rid of it." Shiver's claim that in answering the question he was referring only to adult pornography is flatly contradicted by the record.

The government also produced substantial indirect evidence that Shiver knowingly possessed the images. For example, during an interview with authorities, Shiver referred to himself as a "pedophile." In addition, the government's computer expert testified that Internet searches conducted on Shiver's computer used words and terms that were likely to return pornographic images of children, and that many of the illicit images on Shiver's computer had been accessed on multiple occasions, thus belying Shiver's contention that a virus had placed the images on his computer without his knowledge. The government's expert also opined that, as a technological matter, the images on Shiver's computer

could not plausibly be accounted for by pop-up windows.

Shiver insists that since all of the images had been deleted and stored in his computer's unallocated files, and since he lacked the "forensic software" to access or retrieve the images from that location, he consequently lacked the ability to exercise dominion or control over the images. But even assuming that Shiver was in fact unable to retrieve the images from the unallocated files, he was able to exercise control over the images by deleting them from his computer's cache. See Romm, 455 F.3d 1000-01 (observing that deleting images is a form of exercising control over them). Shiver suggests that viewing images and deleting them from a computer's cache cannot be sufficient to constitute knowing possession under the statute, for such a rule would create a perverse incentive for individuals who innocently discover child pornography on their computers to leave the illicit material in place. Whatever concern such a prospect might raise in other circumstances, it presents no problem here, given the wealth of evidence indicating that Shiver actively sought to access child pornography.

In short, when viewed in the light most favorable to the government, the evidence supports the jury's conclusion that the images found on Shiver's computer had been transported in interstate commerce and that Shiver possessed the images knowingly.

Although we affirm Shiver's conviction, we conclude that the district court erred in applying an enhancement to Shiver's sentence based on his prior conviction for another offense. A "prior" conviction for enhancement purposes "must occur before the <u>conduct</u> violating § 2252A(a)(5), and not merely before the § 2252A(a)(5) <u>conviction</u> occurs." <u>United States v. King</u>, 509 F.3d 1338, 1343 (11th Cir. 2007) (emphases added). The putative prior conviction here -- Shiver's conviction in state court on sexual abuse charges -- occurred on June 2007, well after the conduct forming the basis for Shiver's prosecution in the instant case (December 2004). Indeed, the government concedes that the enhancement was improper. Accordingly, we vacate Shiver's sentence and remand for resentencing without the enhancement.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**