# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1055

_____

United States of America

*Plaintiff - Appellee*

v.

Andre Roddy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Andre Roddy entered a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine and other controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Roddy was determined to be a career offender pursuant to U.S.S.G. § 4B1.1. This designation resulted in an advisory sentencing guidelines

range of 188 to 235 months' imprisonment. The district court[1] imposed a 224-month term of imprisonment. Roddy appeals this sentence, and we affirm.

Roddy first asserts procedural error, arguing that the district court failed to depart downward *sua sponte* under U.S.S.G. § 4A1.3(b)(1). Roddy posits that he was entitled to this departure because his career offender designation significantly overstated the seriousness of his criminal history. Roddy, however, never requested this departure before the district court but rather raises it for the first time on appeal. Next, Roddy argues that his sentence is substantively unreasonable. Specifically, he contends that the district court gave too little weight to his disadvantaged background and did not reflect the need to provide educational and vocational training as part of the sentence.

In reviewing Roddy's challenge to his sentence, we "first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Roddy raised no procedural objection in the district court, we consider his procedural claim under the plain-error standard. *United States v. Deegan*, 605 F.3d 625, 629 (8th Cir. 2010); *see also United States v. McGee*, No. 95-1626, 1996 WL 230055, at *1 (8th Cir. May 8, 1996) (holding that where, as here, the defendant did not seek a departure under U.S.S.G. § 4A1.3 before the district court, failure to depart is reviewed for plain error). Under plain-error review, Roddy must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "A plain error will not be corrected unless [] it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mireles*, 617 F.3d 1009, 1013 (8th Cir. 2010) (quoting *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009)).

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

At the sentencing hearing, the district court commented that it was appalled by Roddy's criminal history. Even before the present offense, Roddy was convicted of seven prior crimes, including robbery, residential burglary and battery, as well as three instances of possessing a controlled substance. Given that the district court clearly and carefully considered Roddy's extensive criminal history, we find no error, much less plain error, in the district court's failure to depart downward *sua sponte* under U.S.S.G. § 4A1.3(b)(1).

Next, we address Roddy's substantive reasonableness challenge. We review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 41. A district court abuses its discretion in sentencing when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

First, we note that Roddy's within-guidelines sentence is presumptively reasonable. *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012). Second, the district court expressly weighed Roddy's disadvantaged background against his criminal history in assessing Roddy's history and characteristics: "[Y]ou've had a hard life and have been denied most of the advantages that other people have, but I am somewhat appalled by the criminal history that you have, not only the frequency of the offenses that you've committed, but the violent nature of many of these [offenses]." In addition, despite Roddy's contrary contention, the district court did recommend that Roddy "participate in residential substance abuse treatment and educational and vocational programs during incarceration." In considering these relevant factors and imposing a within-guidelines sentence, we discern no clear error of judgment. Nor do we find that the district court failed to consider a relevant factor that should have received significant weight. For these reasons, we find no abuse of

discretion and conclude that Roddy's sentence is not unreasonable.  Therefore, we affirm.

_____