UNITED STATES, Appellee,

v.

Paul H. MURRAY, Staff Sergeant,
U.S. Air Force, Appellant.

No. 99–0303.
Crim.App. No. 32670.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 10, 1999.

Decided April 6, 2000.

EFFRON, J., delivered the opinion of the Court, in which CRAWFORD, C.J., SULLIVAN and GIERKE, JJ., and COX, S.J., joined.

For Appellant: *Captain Bryan A. Bonner* (argued); *Lieutenant Colonel Jeanne M. Rueth* (on brief); *Colonel Douglas H. Kohrt, Lieutenant Colonel Ray T. Blank, Jr.,* and *Major Carol L. Hubbard.*

For Appellee: *Major Steven R. Parrish* (argued); *Colonel Anthony P. Dattillo, Lieutenant Colonel Ronald A. Rodgers,* and *Captain James C. Fraser* (on brief); *Lieutenant Colonel David N. Cooper,* USAFR.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, contrary to his pleas, of 1 specification of unlawful receipt of sexually explicit depictions of minors from the Internet, a violation of 18 USC § 2252(a)(2), as incorporated under Article 134, Uniform Code of Military Justice, 10 USC § 934. Appellant was sentenced to a bad-conduct discharge, confinement for 10 months, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUSTAIN THE FINDING OF GUILT.

We affirm the decision of the Court of Criminal Appeals and find that there is sufficient evidence of record to support appellant's conviction for knowingly receiving child pornography from the Internet, in violation of 18 USC § 2252(a)(2).

## I. BACKGROUND

### A. Factual Setting

In May 1996, appellant experienced problems with his computer and brought it back several times to the retailer for repairs. During the third repair session, the owner of the shop discovered a sexually explicit picture of a child on appellant's computer and alerted the police, who arrested appellant when he arrived to claim the computer.

When questioned by the arresting officer, appellant admitted to having about 100 sexually explicit pictures on his computer, including 5 to 25 which featured minors. Appellant also admitted to knowing that sexually explicit pictures featuring children under the age of 18 would be illegal. He explained to the investigator, and at trial, that he acquired the pictures featuring minors accidentally, while downloading adult pornography, and that he deleted the images as soon as he became aware of their nature, which was upon opening the downloaded files. He also testified that the file names did not alert him to the possibility that the images might contain child pornography.

Appellant's practice was to access Internet newsgroups, choose files that appeared interesting based on their names, download the files, and move them to a directory named "WINSX" on his computer. Appellant admitted visiting newsgroups entitled "PRE-TEEN" and "LOLITA" and noted that the pictures of minors were obtained from the latter newsgroup. A witness with expertise in computer crimes verified that these newsgroup names, and many others indicative of child pornography themes, had been found in files associated with appellant's newsgroup browser program.

An investigator searched appellant's computer and found 61 images believed to contain child pornography. Some of these images had been deleted and were recovered by the investigator; others were still in active space on the hard drive. The investigator also discovered Uniform Resource Locators (URLs) with descriptive file names for the images appellant had downloaded. Many of these URLs still had graphics files associated with them. Forty-four of the images were deemed by the military judge to contain sexually explicit depictions featuring children under 18 USC § 2252 and were admitted into evidence.

### B. The Legal Setting

The Protection of Children Against Sexual Exploitation Act of 1977, as amended, 18 USC § 2251 *et seq.*, was enacted to combat the growing and well-organized child pornography industry and its harmful effects on children and society. *See* Pub.L. No. 98-292, 98 Stat. 204 (1984). Appellant was convicted under 18 USC § 2252(a)(2), which imposes a criminal sanction on:

(a) Any person who—

\* \* \*

(2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which con-

tains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce by any means including by computer or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct; . . . .

Appellant has urged this court to interpret the statutory requirement that a person act "knowingly" to oblige the Government to prove that appellant knew the sexually explicit depictions of minors passed through interstate commerce. Appellant has not directed our attention to a decision by any other court that would support the proposition. The Supreme Court appears to have taken a narrower view, holding that "knowingly" in § 2252 applies to the "sexually explicit nature of the material and to the age of the performers." *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 78, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994)(finding § 2252 facially constitutional and reading in a scienter requirement for the age of minority element); *see also United States v. Maxwell*, 45 MJ 406, 424 (1996)(recognizing the Supreme Court's interpretation of the scienter requirement in § 2252); *United States v. Russell*, 47 MJ 412, 413 (1998)(noting the Supreme Court's interpretation).

## II. DISCUSSION

Appellant was charged with and convicted of one specification of unlawful receipt of sexually explicit depictions of minors from the internet, a violation of 18 U.S.C. § 2252(a)(2). He challenges the legal sufficiency of his conviction on three grounds: (1) that the Government failed to prove he "knowingly" received sexually explicit depictions of minors; (2) that the Government failed to prove he "knew" the depictions traveled in interstate commerce; and (3) as a jurisdictional element, that the Government failed to prove the depictions actually traveled in interstate commerce.

■ In considering whether the evidence is legally sufficient to sustain appellant's conviction, we must "view[ ] the evidence in the light most favorable to the prosecution" and determine whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Appellant admitted to investigators that he had a number of sexually explicit graphic images on his computer featuring minors. Evidence at trial indicated that appellant had visited Internet newsgroups and downloaded files with names strongly suggestive of their explicit child-sex content. A computer crimes expert testified that some of the 44 pictures determined by the military judge to meet the definition of sexually explicit depictions involving minors under the statute were found in active file space on the hard drive of appellant's computer. In his statement to the police and in his testimony at trial, appellant admitted to moving the files he downloaded into a directory named "WINSX." This evidence, especially the conscious segregation of the downloaded files into a separate directory, rebuts appellant's contention that he accidentally received the illegal images while seeking adult pornography and immediately deleted them, and is sufficient to demonstrate his knowing receipt of the material. We conclude that the Government presented sufficient evidence of appellant's knowing receipt of sexually explicit depictions of minors.

■ With respect to evidence of the movement of the images through interstate commerce, the testimony of Mr. Amram, owner of the Internet service provider (ISP) to which appellant subscribed at the time of the charged incident, established that the ISP received its feeds for newsgroups from a larger ISP outside Kansas, the state in which appellant committed the crime. Mr. Amram *also testified that some of his servers were* located in other states. The computer crimes expert testified that the type of newsgroups appellant accessed, the "ALT" category, were worldwide in scope and that it

was impossible for a user to restrict his downloads to files originating in his state.

Courts have viewed the Internet, by its very nature, as placing material in the stream of interstate commerce. *See United States v. Carroll*, 105 F.3d 740, 742 (1st Cir.), *cert. denied*, 520 U.S. 1258, 117 S.Ct. 2424, 138 L.Ed.2d 187 (1997)(finding that transmission of graphics files over the Internet satisfied the interstate commerce element in a prosecution under 18 USC § 2251(a)); *American Civil Liberties Union v. Reno*, 929 F.Supp. 824, 830–38 (E.D.Pa.1996)(findings of fact on the global nature and size of the Internet). Under these circumstances, the evidence presented by the Government was sufficient to establish that the images downloaded by appellant from Internet newsgroups passed through interstate commerce.

■ We reject appellant's contention that the Government was required to prove that he knew the pictures passed through interstate commerce, *i.e.*, that the interstate commerce element is more than jurisdictional. As the Supreme Court noted in *X–Citement Video*, 513 U.S. at 73, 115 S.Ct. at 469, the legislative history is "indistinct" on how Congress intended the knowledge requirement to apply to the elements of the offense. The Supreme Court did not specifically interpret the statute to extend the knowledge requirement to interstate commerce in its analysis of the elements of the offense, nor has any other court.

We note that under various other criminal statutes, the courts have held that the Government need not prove that the defendant had knowledge of the interstate aspect of the conduct at issue. *See, e.g., United States v.*

*Manley*, 563 F.2d 779 (5th Cir.1977)(no requirement under 18 USC § 922(h) to prove that the defendant knew the firearm had been shipped in interstate commerce); *United States v. Napier*, 518 F.2d 316 (9th Cir. 1975)(no requirement under 18 USC § 1201 to prove that a defendant knew that he crossed state lines while transporting a kidnapped person); *Brubaker v. United States*, 183 F.2d 894 (6th Cir.1950)(no requirement under 18 USC § 2313 to prove that a defendant knew that a stolen vehicle had been transported in interstate commerce); *United States v. Luman*, 624 F.2d 152 (10th Cir. 1980)(no requirement under 18 USC § 2315 to prove that a defendant knew that stolen goods had been transported in interstate commerce). Appellant has not presented any rationale that persuades us to extend the scope of the knowledge requirement under 18 USC § 2252(a)(2) to include proof that the accused has knowledge that the material was transported through interstate commerce.

## III. CONCLUSION

Considering the evidence in the light most favorable to the Government, as required by *Jackson v. Virginia, supra*, we hold that there is sufficient evidence in the record of appellant's knowing receipt of sexually explicit depictions of minors and of the passage of those depictions through interstate commerce to sustain his conviction under 18 USC § 2252(a)(2).

## IV. DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.