## A07A0486. BARTON v. THE STATE.
### (648 SE2d 660)

MILLER, Judge.

Following a jury trial, Edward Ray Barton was convicted of 106 counts of sexual exploitation of children. On appeal from the trial court's denial of his motion for a new trial, Barton asserts that the State failed to prove his knowing possession of child pornography. He further claims that the trial court erred in allowing a computer forensic analyst to testify as to the age of persons depicted in images found on Barton's computer. Finding that the State failed to prove knowing possession of child pornography, as charged in the indictment, we reverse.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.; *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows that, after the Walker County Sheriff's Department began investigating allegations of child molestation against Barton,[1] his wife provided authorities with Barton's laptop computer. Upon conducting a forensic examination of that computer, law enforcement retrieved 156 images they believed met the definition of child pornography stored on the computer's hard drive. Barton was indicted for sexual exploitation of children with respect to 106 of those images. Specifically, Barton was charged with "*knowingly possess[ing]*" child pornography in violation of OCGA § 16-12-100 (b) (8), which makes it unlawful "for any person *knowingly* to possess or control[2] any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." (Emphasis supplied.)

At trial, the State sought to prove Barton's knowing possession of child pornography via the testimony of Special Agent Ben Murray of the United States Secret Service, a forensic computer analyst.

---

[1] That investigation resulted in Barton being charged with aggravated sodomy, aggravated child molestation, and child molestation. The jury acquitted him on each of those charges.

[2] We note that Barton was *not* indicted for "control" of child pornography; rather, each count of the indictment charged him only with "knowing possession" of child pornography. We therefore do not address the issue of whether Barton's conduct in accessing and viewing child pornography over the internet constitutes the "control" of such pornography under OCGA § 16-12-100 (b) (8).

Murray testified that all computers will store pictures or other information viewed over the internet on the computer's hard drive, in temporary internet file folders. There is nothing that such a user can do to prevent the computer from storing such items. Murray also explained that not everything stored in a computer's temporary internet file folders results from the affirmative conduct of a computer user. Rather, even those images which "pop-up" on a computer screen, even though neither sought nor desired by the computer user, are stored on the computer's hard drive. Furthermore, despite the fact that they are stored on the hard drive, Murray testified that no one using the computer can retrieve information stored in the temporary internet file folders without special forensic software. No such software was present on Barton's computer.

Murray testified that each of the pornographic images on Barton's computer was stored on the hard drive of his computer, in temporary internet file folders. This meant that Barton had viewed the pictures over the internet, but had taken no affirmative action to save them on his computer. Barton could not access or alter the pictures found stored on his computer's hard drive. Murray further testified that Barton had viewed all of the images within two separate time periods, totaling slightly less than four hours, on December 2 and 3, 2003. He offered no testimony as to whether the images resulted from some affirmative action by Barton, represented "pop-ups" which appeared on Barton's computer, or both. Although Murray could not tell how long Barton had spent viewing each individual image, or how long he had kept those images open on his computer, he could say that Barton had never opened any image more than once.

1. Barton argues that this testimony was insufficient to establish his knowing possession of child pornography because: (1) he took no affirmative action to store the images on his computer; (2) he was unaware that the computer had automatically saved those images to the hard drive; and (3) he had no ability to retrieve or access those images. Reluctantly, we must agree.

In beginning our analysis, we emphasize that the question before us is not whether the viewing of child pornography over the internet represents the same evil sought to be eradicated by the statute prohibiting the possession of child pornography. Nor is the issue whether the legislature has the power to punish the accessing or viewing of pornographic materials over the internet.[3] Rather, the question is whether that conduct is punishable as "knowing posses-s[ion]" of child pornography, as charged in the indictment — i.e., does

---

[3] We note that the legislature has criminalized the use of the internet for purposes of offering or soliciting sexual contact with a child. See OCGA § 16-12-100.2.

the mere accessing and viewing of pornographic materials over the internet, which results in those materials being stored on a computer's hard drive, constitute the knowing possession of those materials?

While this question is one of first impression in Georgia, it has been addressed by a number of state and federal courts. Each of those courts has found that possession in this context can result only where the defendant exercises "dominion and control" over the child pornography. See *United States v. Kuchinski*, 469 F3d 853, 863 (9th Cir. 2006); *United States v. Romm*, 455 F3d 990, 998 (9th Cir. 2006), cert. denied, *Romm v. United States*, ___ U. S. ___ (127 SC 1024, 166 LE2d 772) (2007); *United States v. Bass*, 411 F3d 1198, 1201-1202 (10th Cir. 2005), cert. denied, *Bass v. United States*, 546 U. S. 1125 (126 SC 1106, 163 LE2d 917) (2006); *United States v. Tucker*, 305 F3d 1193, 1204 (10th Cir. 2002), cert. denied, *Tucker v. United States*, 537 U. S. 1223 (123 SC 1335, 154 LE2d 1082) (2003); *State of Washington v. Mobley*, 118 P3d 413, 416 (Wash. App. 2005), app. denied, 136 P3d 758 (Wash. 2006); *Kromer v. Commonwealth of Virginia*, 613 SE2d 871, 874 (Va. App. 2005); *State v. Lindgren*, 687 NW2d 60, 66-67 (Wis. App. 2004), app. denied, 689 NW2d 56 (Wis. 2004).

These decisions differ as to whether possession requires that a defendant take some affirmative action to download or save internet images onto his computer. None of those decisions, however, found that a defendant may be convicted of possessing child pornography stored in his computer's temporary internet file folders, also known as cache files,[4] absent some evidence that the defendant was aware those files existed. Several of those courts specifically found that there can be no possession where the defendant is unaware that the images have been saved in the cache files, reasoning that such ignorance precludes a finding that the defendant could exercise dominion or control over those images. See *Kuchinski*, supra, 469 F3d at 862-863; *Romm*, supra, 455 F3d at 1000 ("[T]o possess the images in the cache, the defendant must, at a minimum, know that the unlawful images are stored on a disk or other tangible material in his possession."); *Kromer*, supra, 613 SE2d at 873-874 (knowing possession of child pornography in this context requires the prosecution to show that the defendant intentionally sought out and viewed such materials with the knowledge that the images would be saved on his computer). See also *United States v. Stulock*, 308 F3d 922, 925 (8th Cir. 2002) (citing with approval the trial court's acquittal of defendant on charges of possession of images found in the cache file). As one

---

[4] Temporary internet files are stored in the cache, "a storage mechanism designed to speed up the loading of [i]nternet displays." 19 Berkeley Tech L.J. 1227, 1229 (Fall 2004). The courts deciding the cases cited above, therefore, refer to the temporary internet files as the cache files.

federal court has explained: "Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession . . . of the child pornography images located in those files, without some other indication of dominion and control over the images." *Kuchinski*, supra, 469 F3d at 863.

Georgia law requires that we reach a similar conclusion. Under Georgia law, "[a] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Punctuation and footnote omitted.) *Meridy v. State*, 265 Ga. App. 440, 441 (594 SE2d 378) (2004). In any criminal prosecution for possession, therefore, the State must prove that the defendant was *aware* he possessed the contraband at issue. Thus, in this case, the State was required to show that Barton had knowledge of the images stored in his computer's cache files.

Here, the State's brief fails to address the issue of Barton's knowledge, and we find that at trial the State failed to meet its burden on this issue. The sole witness on this issue — Agent Murray — testified that Barton took no affirmative action to save these images to his computer, a conclusion supported by the fact that all of the pictures were stored on the cache drive as "thumbnails." See *McDonald v. State*, 249 Ga. App. 1, 2 (1) (548 SE2d 361) (2001) (citing expert testimony that "if only the 'thumbnail' image appeared on a hard drive, this would indicate that no one ever [attempted] to download the [image]"). Murray offered no testimony indicating that Barton was aware that the computer was storing these images, but instead established only that these files were stored automatically, without Barton having to do anything. Murray also testified that Barton would have been unable to view or access these images without using software that was not present on Barton's computer. Thus, there was no way that Barton could have learned of the cache files in the normal course of using his computer. Nor did the State present any circumstantial evidence that would have allowed the jury to infer Barton's knowledge of these files — i.e., they did not show that Barton was an experienced or sophisticated computer user who would have been aware of this automatic storage process. In short, the State presented *no* evidence that Barton was aware of the existence of the files at issue, and in doing so, they failed to prove that Barton knowingly possessed these images.

2. In light of our holding in Division 1, we need not address Barton's remaining enumeration of error.

For the reasons set forth above, we find that the mere existence of pornographic images in the cache files of an individual's computer is insufficient to constitute knowing possession of those materials absent proof that the individual either: (1) took some affirmative action to save or download those images to his computer; or (2) had knowledge that the computer automatically saved those files. We are therefore compelled to conclude that the evidence was insufficient to sustain Barton's conviction for knowing possession of child pornography under OCGA § 16-12-100 (b) (8), and we reverse the same.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 21, 2007 — 

*Daniel J. Ripper*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.