**Robert Lee GANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–08–00607–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2009.

Brian M. Schmidt, Athens, for appellant.

Nicholas Ball, Canton, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

CHARLES SEYMORE, Justice.

The trial court found appellant, Robert Lee Gant, guilty of possession of child pornography and assessed punishment at four years' confinement and a $5,000 fine. In two issues, appellant argues the evidence was legally and factually insufficient to show he knowingly possessed the images on his computer. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant came to the attention of the Canton Police Department when he placed a nude photograph of himself into the lab coat pocket of a pharmacy employee. Appellant wrote his email address and phone number on the back of the photograph and asked the employee to contact him. The employee reported the incident to the Canton Police Department. Michael King, a Canton Police detective, notified Tim McLemee, an investigator with the Van Zandt County District Attorney's Office with experience in computer crimes.

When McLemee received the photograph, he created an email address with an alias for the sole purpose of contacting appellant. McLemee contacted appellant using this address through a website he found listed with appellant's email address. Appellant maintained a profile on the website, which was called Silver Daddies. McLemee reviewed the profile and contacted appellant pretending to be a seventeen-year-old male. McLemee and appellant corresponded over several weeks. Some of appellant's electronic correspondence contained pornographic photographs. Based on McLemee's communication with appellant, a search warrant was obtained for appellant's home and computer. As a result of the search, authorities seized a laptop computer, several compact discs, two disposable cameras, one digital camera, one video camera, a black binder with compact discs, videotapes, a silver case containing videotapes, and several eight-millimeter tapes.

McLemee removed the hard drive from appellant's computer and connected it to a forensic computer. Prior to connecting the hard drive, McLemee installed a one-way blocking bridge, which prevented alteration of the information on the hard drive. McLemee found 111,000 graphics files stored on the hard drive. McLemee was directed to search for the photographs of appellant that had been placed on his profile and the photograph that was given to the pharmacy employee. While searching for those photographs, McLemee discovered several pornographic photographs of boys who appeared to be under the age of 18.

McLemee used the forensic software to "bookmark" the photographs so that he could return to them. The software gave McLemee the "life history" of each of the active images on the computer. The software also indicated the location of each photograph. The State introduced eight photographs into evidence, each of which had the file path: "Documents and Settings obert Local Settings Temp Temporary Internet Files Content.IE5." McLemee testified that each of the files had been downloaded from an internet website by the user, "obert." The only user listed on the computer was "obert," which is appellant's first name minus his first initial.

On cross-examination, appellant's attorney showed McLemee another user name listed on appellant's computer. McLemee explained that he did not see the other user name when he reviewed the hard drive. The only user authorized when McLemee examined the hard drive was "obert." Further, the user name "obert" was the one associated with the photographs. Even if another user had been authorized, the images were not associated with him or her.

Dr. J.W. Dailey testified that in his expert medical opinion, six of the photographs that were recovered depicted children whose ages he estimated at under 17 years old. Four of the photographs depicted boys between the ages of 14 and 17, and two of the photographs depicted boys over the age of 17. Several of the photographs appeared to contain boys under the age of 17, but the photos were of such poor quality that Dr. Dailey could not accurately estimate the boys' ages.

Appellant waived his right to trial by jury and the trial court found him guilty of possession of child pornography.

## DISCUSSION

In two issues, appellant contends the evidence was legally and factually insufficient to support his conviction. Specifically, he claims that because the photographs were stored in temporary internet files and were accessed more than 30 days before execution of the search warrant, there was no evidence specifically tying appellant to the photographs on that day.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn therefrom in making our determination. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

When reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light and set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. State*, 958

S.W.2d 404, 407 (Tex.Crim.App.1997). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the jury's verdict seems clearly wrong and manifestly unjust, or whether, considering conflicting evidence, the jury's verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App.2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). We give deference to the jury's determinations, particularly those concerning the weight of the evidence and the credibility of witness testimony. *See Johnson*, 23 S.W.3d at 8–9.

A person commits the offense of possession of child pornography if he "knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and the person knows that the material depicts the child [engaging in sexual conduct.]" TEX. PENAL CODE ANN. § 43.26(a) (Vernon 2003). "Visual material" means, any "physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." TEX. PENAL CODE ANN. § 43.26(b)(3)(B). A person possesses something when he exercises actual care, custody, control, or management over it. TEX. PENAL CODE ANN. § 1.07(a)(39).

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist or when he is aware that his conduct is reasonably certain to cause the result. TEX. PENAL CODE ANN. § 6.03(b).

■ Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Lee v. State*, 21 S.W.3d 532, 539 (Tex.App.-Tyler 2000, pet. ref'd). A jury can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused and the surrounding circumstances. *Ortiz v. State*, 930 S.W.2d 849, 852 (Tex.App.-Tyler 1996, no pet.); *see also Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App.1978).

Appellant does not challenge the evidence that the photographs depicted individuals under the age of 18 engaging in sexual conduct. Appellant contends that the evidence is insufficient to show he knowingly possessed the images because they were stored as temporary internet files 30 days before his computer was seized. Appellant raises the issue of whether images stored as temporary internet files can be knowingly possessed by the user of the computer.

One Texas court of appeals has addressed this issue in an unpublished opinion. The Fort Worth Court of Appeals found that images stored as temporary internet files were sufficient to support a finding of knowing possession. *See Perry v. State*, 2–06–378–CR, 2008 WL 3877303 (Tex.App.-Fort Worth 2008, no pet.) (memo op.). In *Perry*, the photographs were stored in the unallocated space of Perry's hard drive. *Id.* at *3. The State introduced evidence that if an individual looks at a photograph on a computer, but does not save the photograph, it will be "cached temporarily" in the temporary internet files and stored in the unallocated space. *Id.* The images stored as temporary internet files could not have been

placed on the computer by default, but had to be intentionally placed on the computer. *Id.* The court found this evidence was legally and factually sufficient to support a finding of knowing possession. *Id.* at *3–4.

Among the federal courts and several state courts with similar statutes, there is a division of authority on whether an individual can knowingly possess images on his computer that are stored automatically as temporary internet files. In *United States v. Kuchinski,* 469 F.3d 853, (9th Cir.2006), the court held, "[A] person does knowingly receive and possess child pornography images when he seeks them out over the internet and then downloads them to his computer." *Id.* at 861. In *Commonwealth v. Diodoro,* 932 A.2d 172, 174–75 (Pa.Super.2007), the court held that intentionally viewing child pornographic images without intentionally downloading or saving the image, or without knowledge that the images would be automatically saved to the computer, constituted control over the images, which was prohibited by statute. *See also Ward v. State,* 994 So.2d 293, (Ala.Crim.App.2007) (affirming conviction for possession of child pornography found on computer cache[1] file because defendant had exercised control over the images by reaching out to view them on the internet and thus giving him the ability to print or download them so that he had constructive possession); *United States v. Romm,* 455 F.3d 990, 998 (9th Cir.2006) (defendant knowingly received and possessed images while they were displayed on his computer screen because at that point he had control over them); *U.S. v. Polizzi,* 549 F.Supp.2d 308, 356 (E.D.N.Y. 2008) ("In the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it." *quoting Romm* ).

In contrast, other courts have determined that unless the defendant affirmatively downloads the image, he cannot be said to be "in possession" of child pornography. *See United States v. Stulock,* 308 F.3d 922, 925 (8th Cir.2002) (court noted that the district court acquitted the defendant of possession of images for viewing images resulting in them being automatically downloaded onto browser's cache); *Barton v. State,* 286 Ga.App. 49, 648 S.E.2d 660, 663 (2007) (reversing conviction when there was no evidence defendant took any affirmative action to save the images on his computer cache file or could accessed those files; to be guilty of knowing possession, defendant would have to either take affirmative action to save or download the images or know that the computer was saving the files).

The crucial issue from these cases is whether the images were intentionally sought out or whether they appeared on the computer's hard drive by default. The only Texas case to address this issue has followed the line of authority holding that images stored as temporary internet files could amount to possession by the user of the computer. *See Perry,* 2008 WL 3877303 at *4.[2] In this case, there is evidence that the images on appellant's com-

---

1. "A cache (pronounced 'cash') is a storage mechanism designed to speed up the loading of internet displays. When a computer user views a webpage, the web browser stores a copy of the page on the computer's hard drive in a folder or directory. That folder is known as the cache, and the individual files within the cache are known as temporary internet files." Ty E. Howard, *Don't Cache Out Your Case: Prosecuting Child Pornography Possession Laws Based on Images Located in Temporary Internet Files,* 19 Berkeley Tech. L.J. 1227, 1229–30 (2004).

2. We do not employ our sister court's analysis or follow the decision in *Perry.*

puter did not appear by default. When the search warrant was executed, appellant was using the computer and no other individuals were in his home. McLemee immediately removed the battery from the laptop computer and removed the hard drive so that the files could not be altered. The only user authorized by the hard drive when McLemee reviewed it was "obert." The photographs were associated with the user "obert," not with any other user. The photographs were downloaded from an internet website and had a pathname that placed the temporary files in the documents and settings of the user, "obert."

Appellant attempted to contradict McLemee's testimony by showing him that another user was authorized to use the computer. On cross-examination, appellant's attorney asked McLemee about another authorized user shown on the computer screen. McLemee testified that on the day the computer was seized, the only authorized user on the hard drive was "obert." Although another user appeared on the computer screen on the day of trial, the hard drive did not reflect that user at the time of seizure. Further, even if another user had been authorized, the pornographic images were associated with the user, "obert."

In challenging the sufficiency of the evidence to support his conviction, appellant relies on our sister court's decision in *Krause v. State*, 243 S.W.3d 95 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd). In that case, Krause was indicted and convicted of possession of child pornography. The evidence showed that Krause owned compact discs, computers, and external hard drives that stored images of children engaged in sexual conduct. *Id.* at 111. An investigation of Krause's hard drives and compact discs led to the discovery of images of Krause naked, Krause's driver's license, and pictures of his family that

were stored on the same computer as the child pornography. *Id.* Krause argued that the images had been downloaded by an internet virus and were not deliberately saved to the external devices. *Id.* at 112. The court opined that there was evidence that the images were found in several different files indicating they had been copied or moved. *Id.* In finding sufficient evidence of knowing possession, the court concluded that evidence, "such as the numerous photographs recovered, the titles of the folders, appellant's e-mails, and pictures of himself naked that were stored in the same location as the child pornography is not so obviously weak as to undermine confidence in the jury's determination that appellant had knowledge that the child pornography was on his computer." *Id.*

█ In this case, appellant engaged in sexually explicit email with McLemee, including sending naked pictures of himself over the internet. McLemee discovered child pornography stored in the same area on appellant's computer as the naked pictures of himself, and testified that the hard drive contained 111,000 images, several of which were pornographic. While there was no evidence that the images had been copied or moved, there was evidence that they had been downloaded from the internet, that the images were stored in the same area as other pornography including pictures of appellant naked, and that appellant had sent naked images of himself in emails to McLemee. The evidence supports the implied finding that the images did not appear on appellant's hard drive by default, but that he intentionally sought and downloaded the images from the internet. *See, e.g. United States v. Murray*, 52 M.J. 423, 425 (C.A.A.F.2000) (court rejected argument of inadvertent receipt of images when defendant had knowingly downloaded images into one file).

**842**

This does not mean, however, that inadvertent receipt or viewing of images of child pornography violates section 43.26 of the Penal Code. Construing similar federal statutes, courts have cautioned that inadvertent receipt of such images might not be violative of the statutes. *See United States v. Watzman,* 486 F.3d 1004, 1009 (7th Cir.2007) (person who receives child pornography by accident is not guilty of knowingly receiving it, though he would be guilty of possession if he retained it.).

After reviewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found that appellant knowingly possessed the images. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *Hampton v. State,* 165 S.W.3d 691, 693 (Tex.Crim.App.2005). Additionally, having viewed the evidence in a neutral light, we cannot conclude the great weight and preponderance of the evidence contradicts the trial court's verdict. *See Watson,* 204 S.W.3d at 417.

We overrule appellant's issues and affirm the trial court's judgment.