Affirmed and Opinion filed February 03, 2009








Affirmed and Opinion filed February 03, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00607-CR

____________

 

ROBERT LEE GANT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 294th
District Court

Van Zandt County, Texas

Trial Court Cause No. CR06-00403

 



 

O P I N I O N

The trial court found appellant, Robert Lee Gant, guilty of
possession of child pornography and assessed punishment at four years= confinement and a
$5,000 fine.  In two issues, appellant argues the evidence was legally and
factually insufficient to show he knowingly possessed the images on his
computer.  We affirm.

 

 








Factual and Procedural Background

Appellant came to the attention of the Canton Police
Department when he placed a nude photograph of himself into the lab coat pocket
of a pharmacy employee.  Appellant wrote his email address and phone number on
the back of the photograph and asked the employee to contact him.  The employee
reported the incident to the Canton Police Department.  Michael King, a Canton
Police detective, notified Tim McLemee, an investigator with the Van Zandt
County District Attorney=s Office with experience in computer
crimes.

When McLemee received the photograph, he created an email
address with an alias for the sole purpose of contacting appellant.  McLemee
contacted appellant using this address through a website he found listed with appellant=s email address. 
Appellant maintained a profile on the website, which was called Silver
Daddies.  McLemee reviewed the profile and contacted appellant pretending to be
a seventeen-year-old male.  McLemee and appellant corresponded over several
weeks.  Some of appellant=s electronic correspondence contained
pornographic photographs.  Based on McLemee=s communication
with appellant, a search warrant was obtained for appellant=s home and
computer.  As a result of the search, authorities seized a laptop computer,
several compact discs, two disposable cameras, one digital camera, one video
camera, a black binder with compact discs, videotapes, a silver case containing
videotapes, and several eight-millimeter tapes.








McLemee removed the hard drive from appellant=s computer and
connected it to a forensic computer.  Prior to connecting the hard drive,
McLemee installed a one-way blocking bridge, which prevented alteration of the
information on the hard drive.  McLemee found 111,000 graphics files stored on
the hard drive.  McLemee was directed to search for the photographs of
appellant that had been placed on his profile and the photograph that was given
to the pharmacy employee.  While searching for those photographs, McLemee
discovered several pornographic photographs of boys who appeared to be under
the age of 18.  

McLemee used the forensic software to Abookmark@ the photographs
so that he could return to them.  The software gave McLemee the Alife history@ of each of the
active images on the computer.  The software also indicated the location of
each photograph. The State introduced eight photographs into evidence, each of
which had the file path: ADocuments and Settings\obert\Local
Settings\Temp\Temporary Internet Files\Content.IE5.@  McLemee
testified that each of the files had been downloaded from an internet website
by the user, Aobert.@  The only user listed on the computer was
Aobert,@ which is
appellant=s first name minus his first initial.  

On cross-examination, appellant=s attorney showed
McLemee another user name listed on appellant=s computer. 
McLemee explained that he did not see the other user name when he reviewed the
hard drive.  The only user authorized when McLemee examined the hard drive was Aobert.@  Further, the
user name Aobert@ was the one associated with the
photographs.  Even if another user had been authorized, the images were not
associated with him or her.

Dr. J. W. Dailey testified that in his expert medical
opinion, six of the photographs that were recovered depicted children whose
ages he estimated at under 17 years old.  Four of the photographs depicted boys
between the ages of 14 and 17, and two of the photographs depicted boys over
the age of 17.  Several of the photographs appeared to contain boys under the
age of 17, but the photos were of such poor quality that Dr. Dailey could not
accurately estimate the boys= ages.

Appellant waived his right to trial by jury and the trial
court found him guilty of possession of child pornography.

 








Discussion

In two issues, appellant contends the evidence was legally
and factually insufficient to support his conviction.  Specifically, he claims
that because the photographs were stored in temporary internet files and were
accessed more than 30 days before execution of the search warrant, there was no
evidence specifically tying appellant to the photographs on that day.

When reviewing the legal sufficiency of the evidence, we
examine all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979).  We consider both direct and circumstantial evidence
and all reasonable inferences that may be drawn therefrom in making our
determination.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007).

When reviewing the factual sufficiency of the evidence, we
view all the evidence in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the jury=s verdict seems clearly wrong and manifestly unjust,
or  whether, considering conflicting evidence, the jury=s verdict is
against the great weight and preponderance of the evidence.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000).  We give deference to the jury=s determinations,
particularly those concerning the weight of the evidence and the credibility of
witness testimony.  See Johnson, 23 S.W.3d at 8B9.








A person commits the offense of possession of child
pornography if he Aknowingly or intentionally possesses
visual material that visually depicts a child younger than 18 years of age at
the time the image of the child was made who is engaging in sexual conduct and
the person knows that the material depicts the child [engaging in sexual
conduct.]@ Tex. Penal
Code Ann. ' 43.26(a) (Vernon 2003).  AVisual material@ means, any Aphysical medium
that allows an image to be displayed on a computer or other video screen and
any image transmitted to a computer or other video screen by telephone line,
cable, satellite transmission, or other method.@  Tex. Penal Code Ann. ' 43.26(b)(3)(B). 
A person possesses something when he exercises actual care, custody, control,
or management over it.  Tex. Penal Code
Ann. ' 1.07(a)(39).

A person acts intentionally, or with intent, with respect
to the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or cause the result.  Tex. Penal Code Ann. ' 6.03(a). A person
acts knowingly, or with knowledge, with respect to the nature of his conduct or
to circumstances surrounding his conduct when he is aware of the nature of his
conduct or that the circumstances exist or when he is aware that his conduct is
reasonably certain to cause the result. Tex.
Penal Code Ann. ' 6.03(b).

Proof of a culpable mental state almost invariably depends
upon circumstantial evidence.  Lee v. State, 21 S.W.3d 532, 539 (Tex.
App.CTyler 2000, pet.
ref=d).  A jury can
infer knowledge from all the circumstances, including the acts, conduct, and
remarks of the accused and the surrounding circumstances.  Ortiz v. State,
930 S.W.2d 849, 852 (Tex. App.CTyler 1996, no pet.); see also Dillon
v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978).  

Appellant does not challenge the evidence that the
photographs depicted individuals under the age of 18 engaging in sexual
conduct.  Appellant contends that the evidence is insufficient to show he
knowingly possessed the images because they were stored as temporary internet
files 30 days before his computer was seized.  Appellant raises the issue of
whether images stored as temporary internet files can be knowingly possessed by
the user of the computer.








One Texas court of appeals has addressed this issue in an
unpublished opinion.  The Fort Worth Court of Appeals found that images stored
as temporary internet files were sufficient to support a finding of knowing
possession.  See Perry v. State, 2-06-378-CR, 2008 WL 3877303 (Tex. App.CFort Worth 2008,
no pet.) (memo op.).  In Perry, the photographs were stored in the
unallocated space of Perry=s hard drive.  Id. at *3.  The
State introduced evidence that if an individual looks at a photograph on a
computer, but does not save the photograph, it will be Acached temporarily@ in the temporary
internet files and stored in the unallocated space.  Id.  The images
stored as temporary internet files could not have been placed on the computer
by default, but had to be intentionally placed on the computer.  Id. 
The court found this evidence was legally and factually sufficient to support a
finding of knowing possession.  Id. at *3-4.  








Among the federal courts and several state courts with
similar statutes, there is a division of authority on whether an individual can
knowingly possess images on his computer that are stored automatically as
temporary internet files.  In United States v. Kuchinski, 469 F.3d 853,
(9th Cir.2006), the court held, A[A] person does knowingly receive and
possess child pornography images when he seeks them out over the internet and
then downloads them to his computer.@  Id. at
861.  In Commonwealth v. Diodoro, 932 A.2d 172, 174B75 (Pa.
Super.2007), the court held that intentionally viewing child pornographic
images without intentionally downloading or saving the image, or without
knowledge that the images would be automatically saved to the computer,
constituted control over the images, which was prohibited by statute.  See
also Ward v. State, 994 So.2d 293, (Ala. Crim. App. 2007) (affirming
conviction for possession of child pornography found on computer cache[1]
file because defendant had exercised control over the images by reaching out to
view them on the internet and thus giving him the ability to print or download
them so that he had constructive possession); United States v. Romm, 455
F.3d 990, 998 (9th Cir. 2006) (defendant knowingly received and possessed
images while they were displayed on his computer screen because at that point
he had control over them); U.S. v. Polizzi,
549 F.Supp.2d 308, 356 (E.D.N.Y. 2008) (AIn the electronic context, a person
can receive and possess child pornography without downloading it, if he or she
seeks it out and exercises dominion and control over it.@ quoting Romm).  

In contrast, other courts have determined that unless the
defendant affirmatively downloads the image, he cannot be said to be Ain possession@ of child
pornography.  See United States v. Stulock, 308 F.3d 922, 925 (8th
Cir.2002) (court noted that the district court acquitted the defendant of
possession of images for viewing images resulting in them being automatically
downloaded onto browser=s cache); Barton v. State, 286
Ga.App. 49, 648 S.E.2d 660, 663 (2007) (reversing conviction when there was no
evidence defendant took any affirmative action to save the images on his
computer cache file or could accessed those files; to be guilty of knowing
possession, defendant would have to either take affirmative action to save or
download the images or know that the computer was saving the files).








The crucial issue from these cases is whether the images
were intentionally sought out or whether they appeared on the computer=s hard drive by
default.  The only Texas case to address this issue has followed the line of
authority holding that images stored as temporary internet files could amount
to possession by the user of the computer.  See Perry, 2008 WL 3877303
at *4.[2] 
In this case, there is evidence that the images on appellant=s computer did not
appear by default.  When the search warrant was executed, appellant was using
the computer and no other individuals were in his home.  McLemee immediately
removed the battery from the laptop computer and removed the hard drive so that
the files could not be altered.  The only user authorized by the hard drive
when McLemee reviewed it was Aobert.@  The photographs
were associated with the user Aobert,@ not with any
other user.  The photographs were downloaded from an internet website and had a
pathname that placed the temporary files in the documents and settings of the user,
Aobert.@

Appellant attempted to contradict McLemee=s testimony by
showing him that another user was authorized to use the computer.  On cross-examination,
appellant=s attorney asked McLemee about another authorized user
shown on the computer screen.  McLemee testified that on the day the computer
was seized, the only authorized user on the hard drive was Aobert.@  Although another
user appeared on the computer screen on the day of trial, the hard drive did
not reflect that user at the time of seizure.  Further, even if another user
had been authorized, the pornographic images were associated with the user, Aobert.@








In
challenging the sufficiency of the evidence to support his conviction, appellant
relies on our sister court=s decision in Krause v. State, 243 S.W.3d 95 (Tex.
App.CHouston [1st Dist.] 2007, pet. ref=d).  In that case, Krause was
indicted and convicted of possession of child pornography.  The evidence showed
that Krause owned compact discs, computers, and external hard drives that
stored images of children engaged in sexual conduct.  Id. at 111.  An investigation
of Krause=s hard drives and compact discs led to the discovery of images of Krause
naked, Krause=s driver=s license, and pictures of his family that were stored on the same
computer as the child pornography.  Id.  Krause argued that the images
had been downloaded by an internet virus and were not deliberately saved to the
external devices.  Id. at 112.  The court opined that there was evidence
that the images were found in several different files indicating they had been
copied or moved.  Id.  In finding sufficient evidence of knowing
possession, the court concluded that evidence, Asuch as the numerous photographs
recovered, the titles of the folders, appellant=s e-mails, and pictures of himself
naked that were stored in the same location as the child pornography is not so
obviously weak as to undermine confidence in the jury=s determination that appellant had
knowledge that the child pornography was on his computer.@  Id.  

In this
case, appellant engaged in sexually explicit email with McLemee, including
sending naked pictures of himself over the internet.  McLemee discovered child
pornography stored in the same area on appellant=s computer as the naked pictures of
himself, and testified that the hard drive contained 111,000 images, several of
which were pornographic.  While there was no evidence that the images had been
copied or moved, there was evidence that they had been downloaded from the
internet, that the images were stored in the same area as other pornography
including pictures of appellant naked, and that appellant had sent naked images
of himself in emails to McLemee.  The evidence supports the implied finding
that the images did not appear on appellant=s hard drive by default, but that he
intentionally sought and downloaded the images from the internet.  See, e.g. United States
v. Murray, 52 M.J. 423, 425 (C.A.A.F. 2000) (court rejected argument of
inadvertent receipt of images when defendant had knowingly downloaded images
into one file).  

This does not mean, however, that inadvertent receipt or
viewing of images of child pornography violates section 43.26 of the Penal
Code.  Construing similar federal statutes, courts have cautioned that
inadvertent receipt of such images might not be violative of the statutes.  See
United States v. Watzman, 486 F.3d 1004, 1009 (7th Cir. 2007) (person who
receives child pornography by accident is not guilty of knowingly receiving it,
though he would be guilty of possession if he retained it.).








After reviewing the evidence in the light most favorable to
the verdict, we conclude that any rational trier of fact could have found that
appellant knowingly possessed the images.  See Jackson, 443 U.S. at 319;
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). 
Additionally, having viewed the evidence in a neutral light, we cannot conclude
the great weight and preponderance of the evidence contradicts the trial court=s verdict.  See
Watson, 204 S.W.3d at 417.

We overrule appellant=s issues and
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Charles Seymore

Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  AA cache
(pronounced >cash=) is a storage
mechanism designed to speed up the loading of internet displays.  When a
computer user views a webpage, the web browser stores a copy of the page on the
computer=s hard drive in a folder or directory.  That folder is
known as the cache, and the individual files within the cache are known as
temporary internet files.@  Ty E. Howard, Don=t Cache Out Your Case: Prosecuting Child Pornography
Possession Laws Based on Images Located in Temporary Internet Files, 19 Berkeley Tech. L.J. 1227, 1229B30 (2004).

 





[2]  We do not employ our sister court=s analysis or follow the decision in Perry.