**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 8, 2018**

# In the Court of Appeals of Georgia

A18A0299. LINDLEY v. THE STATE.

RICKMAN, Judge.

After a jury trial, Steven Lee Lindley was convicted of fourteen counts of sexual exploitation of a child. On appeal, Lindley contends that: (1) the evidence was insufficient to sustain his conviction; (2) the State failed to prove that the offenses occurred within the statute of limitations; and (3) the State failed to establish venue. Because there was insufficient evidence to sustain Lindley's convictions, we reverse.

"On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict." *Stephens v. State*, 247 Ga. App. 719, 719 (545 SE2d 325) (2001). We neither weigh the evidence nor judge witness credibility, but only determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (Emphasis in original.). "So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld." *McLeod v. State*, 245 Ga. App. 668, 669 (1) (538 SE2d 759) (2000). Even construed in favor of the verdict, however, the evidence in the instant case does not support Lindley's convictions.

The record shows that Detective Faulkner of the Hall County Sheriff's Office investigates crimes against children and internet crimes. After the State tendered Faulkner as an expert, he testified that he routinely uses software that identifies people who are downloading and sharing known images or files related to child pornography. In August 2016, the software identified an IP address, which he ultimately determined was from a computer located at 5460 Wood Run Drive in Braselton, Georgia. Faulkner obtained a search warrant to search the residence on August 29, 2016.

When the police executed the warrant on the next day, Christy Thompson was at the residence alone. While the officers searched, Thompson made phone calls and two other residents arrived, her husband, Graham Thompson, and Samuel North. Faulkner testified that Thompson sent Lindley instant messages because he did not

have a cell phone, but he did not return to the residence while the warrant was being executed. Although not introduced as evidence, both parties stated in opening argument that Lindley is Thompson's son.

Thompson, her husband, and North were all cooperative and surrendered their electronic devices to law enforcement. In total, 21 items were seized that day. On the next day, Thompson turned in a black Samsung tablet, supplied the pass code for the tablet, and a search warrant was obtained so that its contents could be forensically examined. When called to testify as to her conduct throughout the investigation, however, Thompson invoked her Fifth Amendment right not to incriminate herself.

The forensic examination of the tablet was conducted by Officer Talley. Talley found approximately100 videos and 100 photographs on the tablet. Fourteen of those images depicted minors engaged in sexually explicit conduct, and the others included images of Lindley and regular pornography. Faulkner testified that the download of the images on the device was initiated sometime between August 1 and 2. The images of Lindley, the tablet, and the fourteen images that served as the basis for the indictment were displayed to the jury and admitted into evidence during Officer Talley's testimony. Officer Talley explained that the device's search history included phrases normally used by individuals seeking child pornography, such as PTHC, an

3

acronym for "pre-teen hard core," "hussy fan," and "pedo." After the forensic examination was completed, Faulkner obtained an arrest warrant for Lindley.

As additional evidence in this case, the State presented testimony from Faulkner that all of these events occurred in Hall County. The State also offered an expert in adolescent physiology and anatomy, who testified that the children depicted in the images were all minors.

The jury convicted the defendant of 14 counts of child exploitation , and he was sentenced to 20 years to serve followed by 20 years on probation. This appeal followed.

1. Lindley's convictions were based on violations of OCGA § 16-12-100 (b) (8), which provides that "[i]t is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." In his first enumeration of error, Lindley does not contest that there was child pornography on the tablet. Rather, he argues that there was no evidence that the tablet belonged to him, that he was connected to Thompson, or that he possessed the tablet after the images were downloaded. We are constrained to agree.

In *Barton v. State*, 286 Ga. App. 49, 51 (1) (648 SE2d 660) (2007), we reversed 106 convictions of sexual exploitation of children because the State failed to prove that the defendant knowingly possessed child pornography. Although the issue there was slightly different from that involved here, the principles in that case support a reversal here. We explained that "a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." Id. at 52 (1). Here, there was no evidence that Lindley knowingly had direct or constructive possession of the child pornography images on the tablet. We noted in *Barton*, which was a case of first impression, that other jurisdictions had concluded that "possession . . . can result only where the defendant exercises dominion and control over the child pornography." *Barton*, 286 Ga. App. 51 (1) (punctuation omitted). We later interpreted *Barton* in *Gerbert v. State*, 339 Ga. App. 164, 170 (2) (b) (i) (793 SE2d 131) (2016), explaining that we reversed the convictions because "the State failed to show that the defendant, who had images of child pornography located in his computer's cache, took some affirmative action to save or download those images to his computer or had knowledge that his computer automatically saved

5

those files." Here, there was no evidence that Lindley owned the device, or that it was he who had searched for and saved the images to the tablet.

Pursuant to OCGA § 24-14-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Whether alternative hypotheses are reasonable is generally a question for the jury, and this Court will not disturb the jury's findings unless they are unsupportable as a matter of law. See *Wise v. State*, 325 Ga. App. 377, 381 (2) (752 SE2d 628) (2013). The jury's findings in this case are unsupportable because the evidence did not exclude every other reasonable hypothesis.

Officer Talley testified that Cellebrite, the program he used to examine the tablet, extracts data from the device and transfers it to his computer; that he then sorts the images using key words or by skin tone and size; and that the information retrieved from the tablet does not mirror how the tablet stored the information but was instead a "data dump" that would not have included information such as GPS coordinates or the "delete time, change time, [or] read time." He explained that if the software was able to determine when the images were created, the last time they were modified, or the last time the user changed it or viewed it, that information would

6

show up in his report. However, the only such dates contained in the report were attached to one image of Lindley, dated August 16, 2016, and an image of a child, dated October 27, 2015. Detective Faulkner testified that the images at issue in this cases were downloaded at the beginning of August. Thus, even the one image of Lindley that was dated does not tie him to the offenses charged.

Here, the evidence was that Christy Thompson sent Lindley instant messages while the search was conducted; that Lindley did not return to the residence during the search; that Thompson turned in the tablet at issue to the police the next day and gave them the pass code to access the device; and that there were images of Lindley on the tablet that he appeared to have taken of himself. The record is devoid of any evidence demonstrating that Lindley possessed the tablet or was at the residence where the child pornography was being downloaded or shared.

"Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction." *Locklear v. State*, 249 Ga. App. 104, 105 (547 SE2d 764) (2001). The evidence did not exclude the reasonable hypothesis that someone else in the home could have owned the tablet or downloaded the images. Contra *New v. State*, 327 Ga. App. 87, 95 (1) (755 SE2d 568) (2014) (court rejected argument that others had equal access to device containing child

7

pornography where there was testimony that the device and file-sharing account belonged to the defendant and were password protected by the defendant).

We have held that "the State must prove a defendant's knowledge as to every element of the crime defined in [OCGA § 16-12-100] (b)(8)." *Gerbert*, 339 Ga. App. at 173 (2) (b) (ii). The State has failed in this regard as they did not establish that Lindley ever possessed or controlled the pornographic images on the tablet. Compare *Dickerson v. State*, 304 Ga. App. 762, 765-766 (2) (697 SE2d 874) (2010) (conviction affirmed where defendant's fingerprint found on CD containing pornographic images). Thus, we must reverse Lindley's convictions.

2. In light of our holding in Division 1, we need not address Lindley's remaining enumerations of error.

*Judgment reversed. McFadden, P. J. concurs. Ray, J., concurs in judgment only.*